# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE TAYLOR, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| VICTOR HILL; | ) | |
| Jailer RAYMON SHEROD WINN; | ) | |
| Jailer L. LYONS; | ) | JURY TRIAL DEMANDED |
| Jailer WATTS; | ) | |
| Jailer FOSTER; | ) | |
| | ) | |
| All individually and officially, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff ROBERT LEE TAYLOR, III, and files this Complaint for Damages against Sheriff Victor Hill, and Jailers Raymon Sherod Winn, L. Lyons, Watts, and Foster, all individually and officially.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages,

special damages, general damages, punitive damages, nominal damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Robert Lee Taylor resides in Clayton County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. Sheriff Hill is being sued both in his individual capacity and his official capacity as a law enforcement officer. Sheriff Hill is subject to the jurisdiction and venue of this Court.

6. Defendants Winn, Lyons, Watts, and Foster were employed as Jailers/Jail staff with the CCSO at all times relevant hereto. All are being sued in their individual and official capacities. All are subject to the jurisdiction and venue of this Court.

7. All conditions precedent to this action, including grievance procedures, have occurred, been executed, or waived.

8. Ante Litem notice of Plaintiff's claims was timely sent to notice the claims set forth herein.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, Jailers Winn, Lyons, Watts, and Foster, were employed as jailers or staff with the CCSO, and were acting pursuant to their employment and under color of state law.

10. At all times relevant hereto, Sheriff Hill was employed as a law enforcement officer and Sheriff of Clayton County and was acting pursuant to his employment and under color of state law.

11. All of the actions complained of herein were taken under color of law pursuant to the policy and custom, whether written or unwritten, of Victor Hill, the CCSO, and the officers involved, all while acting in official capacity and under color of law.

12. On March 26, 2020[1], Taylor was incarcerated at the Clayton County Jail within Housing Unit 8.

13. That day, Taylor witnessed Winn and other "Scorpion Response Team" ("SRT") members[2] beating another inmate in Housing Unit 8.

14. Prior to this incident, Taylor had witnessed multiple other acts of unprovoked mental and physical abuse against inmates by members of the SRT and had grown concerned for his ongoing safety as well as that of the rest of the inmates.

---

[1] This action is brought within the applicable statute of limitations period pursuant to the Supreme Court of Georgia's Order Declaring Statewide Judicial Emergency and the First, Second, Third, and Fourth Extensions thereto, which jointly operated to toll statutes of limitations for the 122-day period beginning March 14, 2020 through and including July 14, 2020. These orders are incorporated by reference as if fully restated herein. This action is also related to the previously-filed case no. 1:20-cv-2059-JPB-LTW, which was dismissed without prejudice on December 3, 2020 for failure to exhaust administrative remedies under the Prison Litigation Reform Act. Plaintiff, now being out of custody, re-files this action.

[2] Based on information and belief, the SRT is a team of jailers/deputies/sheriff's office employees who are responsible for day-to-day jail security and who also assist in administering daily jail operations such as overseeing administration of inmate medication, overseeing meal time and distribution of meals to inmates, and general jail security. SRT members have routine contact with inmates.

15. Taylor, within earshot of Winn, asked SRT member Sergeant Lyons why Winn was beating inmates.

16. Moments thereafter, Winn approached Taylor's cell and signaled for central control to unlock it.

17. Winn entered Taylor's cell and ordered his two cellmates to exit.

18. Winn asked Taylor what he said to Lyons, and Taylor responded by repeating himself. Taylor was not violent, threatening, or menacing in word or deed.

19. In response, Winn began punching Taylor in the ribs, causing Taylor to fall to the floor of his cell. Winn then began stomping on Taylor's ankle.

20. At some point during the episode, Watts and Foster entered the cell and punched Taylor in or about the face and head.

21. Winn, Watts, and Foster continued the attack on Taylor as Taylor lay defenseless on the ground.

22. Winn, Watts, and Foster stomped on Taylor's ankle, causing a visible and painful gash to appear which caused Taylor great pain and difficulty in walking and performing daily tasks.

23. Taylor again asked why this was happening to him. In response, he was told he "ain't nothing but a criminal" and the attack continued.

24. At some point during the episode, Taylor was tased in the back.

25. At no point before the attack did Taylor take any action which would have justified the use of force against him.

26. Once he was done beating Taylor, Winn picked up Taylor's body wash which was located in his cell and dumped the bottle all over Taylor, humiliating and degrading him.

27. While the foregoing events were occurring, Lyons stood by and witnessed same, making no effort whatsoever to correct or rectify the unjustified use of force against Taylor.

28. Following his attack, Taylor notified his father, Robert Taylor, Jr., of what happened to him by use of the kiosk/email system.

29. The same day after notifying his father, Plaintiff was no longer able to transmit external messages through the kiosk system for a period of time.

30. At least one of the messages that Taylor attempted to send to his family was initially blocked from going out due to containing the words "beat" and "officer" multiple times in close proximity.

31. Following the attack, Taylor was moved from his housing unit in retaliation for reporting the incident.

32. Following the attack, many of Taylor's subsequent grievances went ignored and eventually clogged the grievance queue such that Taylor was no longer able to submit any further inquiries.

33. In addition to his physical injuries, Taylor also suffered severe mental, emotional, and psychological injury as a result of the acts taken against him.

34. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the unlawful, cruel, and unusual treatment to which he was subjected by Defendants.

35. At all times relevant hereto, Hill was responsible for the hiring, training, supervision, discipline, and retention of those employees and agents involved in Plaintiff's assault.

36. At all relevant times, Hill, Winn, Watts, Foster, and Lyons knew of the unlawful use of force and cruel and unusual treatment of Plaintiff and others similarly situated and were deliberately indifferent to the substantial and unjustifiable risk that such pattern and propensity created to Taylor and others similarly situated.

37. At all relevant times, Hill knew of Winn, Lyons, Watts, and Foster's propensity to engage in unlawful use of force, inflict cruel and unusual treatment of inmates, show deliberate indifference towards the rights of inmates, and retaliate against

those who report misconduct or mistreatment and took no action to correct or mitigate such propensity.

38. At all relevant times, Taylor had a clearly established constitutional right under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from the treatment to which he was subject as complained of herein.

39. There was no reasonable justification for the constitutional violations that Taylor suffered by these Defendants.

40. No reasonable officer would have believed that such actions as complained of herein were in any way appropriate or commensurate under the circumstances.

41. Based on information and belief, no employees or agents of the CCSO have been reprimanded or otherwise disciplined for the conduct against Taylor or other inmates similarly situated.

42. Defendants' actions, as set forth above, have caused severe and significant mental, emotional, psychological, physical, and financial harm to Plaintiff which he has suffered, is suffering, and will continue to suffer in the future.

43. The abuse and mistreatment complained of herein is widespread, rampant, open, and notorious.

44. At all times relevant hereto, Sheriff Hill, jailers, staff, employees, supervisors, SRT team members, and inmates routinely referred to the jail as a "hands-on" facility in reference to the jailers' propensity to commit unprovoked acts of violence against inmates.

45. Prior to Taylor's beating, similar misconduct involving these same jailers and others was reported to command staff (including Hill) and no action was taken to correct it, to wit:

   a. Winn's beating of inmate Jyqwavous Whitaker on or about September 12, 2019 and subsequent use of restraint chair;

   b. Winn's beating of inmate Samuel Alan Salisbury on or about February 28, 2020 and subsequent disciplinary segregation when the beating was reported to individuals outside of the jail;

   c. Winn's assistance in (and Hill's direction of) unlawful use of the restraint chair against inmate J.A. on or about February 25, 2020;

   d. Winn's assistance in (and Hill's direction of) unlawful use of the restraint chair against inmate C.H. on or about April 27, 2020.

   e. Winn's assistance in (and Hill's direction of) unlawful use of the restraint chair against inmate J.H. on or about April 27, 2020;

f. Winn's assistance in (and Hill's direction of) unlawful use of the restraint chair against inmate G.H. on or about April 27, 2020. [3]

46. In addition, Winn at or before the time of his hiring and retention by Hill, had a known history of violence.

47. Specifically, but without limitation, Winn was arrested in 2012 by Atlanta Police Department for Battery with Visible Harm. He also has a pending criminal case in Clayton County for Simple Battery and Cruelty to Children.

48. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that Victor Hill and his command staff cannot reasonably claim to have been ignorant of same.

49. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that, at the time of the attack against Taylor, Victor Hill, his command staff, and those responsible for supervising and overseeing jail operations were on notice of the need to correct the pattern and practice of mistreatment.

---

[3] The latter four incidents involving J.A., C.H., J.H., and G.H. form the basis of the ongoing federal criminal charges against Victor Hill before this Court in case number 1:21-CR-143.

50. Having knowledge of same, Victor Hill and his command staff were deliberately indifferent to the constitutional rights of inmates under their watch, and such deliberate indifference caused Taylor's injuries.

51. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that it can reasonably be considered an unwritten policy or practice of the Sheriff, the jail, and its staff.

52. The history of widespread abuse and mistreatment of inmates is so widespread, commonplace, and notorious that Hill was on notice of the need to correct his subordinates' behavior and failed to do so, thereby causing Plaintiff's injuries.

53. Hill is also liable in respondeat superior in that his personal behavior and rises to the level of a custom or policy of deliberate indifference to the constitutional rights of inmates.

54. Hill is also liable in respondeat superior in that the facts and circumstances – specifically (but without limitation) as alleged in paragraphs 46 through 50 – support an inference that Hill directed his subordinates to act unlawfully or knew that they would so act and failed to stop them from doing so.

55. All acts of all Defendants complained of herein were performed intentionally and maliciously with the specific intent to injure Plaintiff unless otherwise specifically alleged.

**COUNT I –**
**VIOLATIONS OF 42 U.S.C. §1983**
**(FOURTH AMENDMENT)**
**AGAIST HILL, WINN, WATTS, FOSTER, LYONS**

56. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

57. At all times relevant hereto, these Defendants were acting as employees of the CCSO and under color of law.

58. At no point was there any justification for the seizure or use of force against Taylor as complained of herein.

59. No reasonable officer under the circumstances would ever have used such force against Taylor.

60. At all times relevant hereto, Hill maintained supervisory authority over Winn, Watts, Foster, and Lyons.

61. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth Amendment right to be free from unlawful seizure and/or use of force.

62. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental,

and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

**COUNT II** –
**VIOLATIONS OF 42 U.S.C. §1983**
**(EIGHTH AMENDMENT – Cruel and Unusual)**
**All Defendants**

63. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

64. At all times relevant hereto, these Defendants were acting as employees of the CCSO and under color of law.

65. At no point was there any justification for the use of force against Taylor as complained of herein.

66. No reasonable officer under the circumstances would ever have used such force against Taylor, and there was no penological justification for such force.

67. At all times relevant hereto, Hill and Doe (command staff) maintained supervisory authority over Winn and Doe (jailer staff).

68. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Eighth Amendment rights under the United States Constitution to be free from cruel and unusual punishment.

69. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable

including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

**COUNT III –**
**VIOLATIONS OF 42 U.S.C. §1983**
**(EIGHTH AMENDMENT – Deliberate Indifference)**
**Against Hill, Lyons**

70. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

71. At all times relevant hereto, Hill and Lyons were employees of the CCSO and were acting under color of law.

72. As Taylor was attacked by Winn, Watts, and Foster, Lyons stood idly by watching the attack and took no corrective action whatsoever to stop it, despite having a duty to do so.

73. Hill was on notice of, and was deliberately indifferent to, a substantial and unjustifiable risk to the safety of inmates under his care by failing to take remedial action to address the widespread misconduct of his subordinates.

74. As a direct and proximate result of Lyons, Hill, and Doe's actions as described herein, Taylor was deprived of his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment.

75. As a direct and proximate result of Lyons, Hill, and Doe's actions as described herein, Plaintiff suffered serious injury and damage for which Lyons is liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

## COUNT IV –
## VIOLATIONS OF 42 U.S.C. §1983
## (FIFTH and FOURTEENTH AMENDMENTS – Due Process)
## All Defendants

76. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

77. At all times relevant hereto, Hill, Winn, Watts, Foster, and Doe (jail staff) were acting as employees of the CCSO and under color of law.

78. There was no penological justification for the force used against Plaintiff.

79. At all times relevant hereto, Hill maintained supervisory authority over Winn, Watts, Foster, and Lyons.

80. At all times relevant hereto, Hill was aware of the history of his subordinate jailers of subjecting inmates to summary punishment including, but not limited to, physical and mental abuse.

81. At all times relevant hereto, Hill and other command staff were on notice of, and were deliberately indifferent to, the constitutional rights of Taylor and other

inmates with respect to their treatment by jail staff and is liable in respondeat superior.

82. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fifth and Fourteenth Amendment rights under the United States Constitution to be free from punishment without due process of law.

83. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

### COUNT V
### VIOLATIONS OF 42 U.S.C. §1983
### (FIRST AMENDMENT)
### All Defendants

84. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

85. At all times relevant hereto, Hill and Winn were acting under color of law as employees of CCSO.

86. Taylor's act of inquiring with Lyons and Winn as to why Winn assaulted the other inmate (the inquiry which immediately preceded Taylor's beating) was constitutionally protected speech.

87. Taylor's act of notifying jail staff of his mistreatment was constitutionally protected speech.

88. Taylor's act of notifying his family of his mistreatment was constitutionally protected speech.

89. Defendants' acts of retaliating against Taylor by interfering with and delaying his outbound messages and his grievances were such that they were likely to, and did, deter and chill other inmates from engaging in such speech.

90. Defendants' acts of retaliating against Taylor by removing him from his housing unit were such that they were likely to, and did, deter and chill other inmates from engaging in such speech.

91. Defendants used physical force against Taylor for engaging in constitutionally-protected speech.

92. Defendants' actions adversely affected Taylor's protected speech.

93. Defendants' actions were calculated to discipline Taylor and to chill other inmates in response to Taylor complaining about the conditions of his confinement.

94. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his First Amendment right to be free from retaliation for engaging in constitutionally protected speech.

95.  As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

**COUNT VI**
**ASSAULT and BATTERY – GEORGIA LAW**
**All Defendants**

96.  Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

97.  Winn, Watts, Foster, and Lyons acted intentionally and maliciously to injure Taylor.

98.  Winn, Watts, Foster, and Lyons placed Taylor in reasonable apprehension of immediate, unlawful contact.

99.  Winn, Watts, Foster, and Lyons made unwelcome, intentional, and harmful, physical contact with Taylor of an insulting and provoking nature by repeatedly punching, kicking, and hitting him; by tasing him; and by pouring his body wash on him after the attack to humiliate and degrade him.

100.  Sheriff Hill is liable in respondeat superior for the reasons stated in Paragraphs 42-53 and as stated throughout this Complaint for Damages.

101.   As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuous.

## <u>COUNT VII</u>–
## NEGLIGENT HIRING, SUPERVISION, and RETENTION – GEORGIA LAW
## AGAINST HILL

111.   Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

112.   At all times relevant hereto, Winn, Watts, Foster, and Lyons were employed by Victor Hill, and were acting under color of state law and under the supervision of Hill.

113.   Hill supervised and retained Winn, Watts, Foster, and Lyons when he knew or reasonably should have known of their propensity to engage in excessive force, cruel and unusual treatment, retaliation, and other violations as complained of herein.

114.   At all relevant times, Hill has maintained an inadequate system of reviewing use of force and misconduct complaints.

115. At all relevant times, Hill has failed to discipline, more closely supervise, or retrain his employees in light of the unconstitutional conditions to which inmates were subjected and of which Hill and his command staff were aware.

116. The mistreatment complained of herein was so widespread, rampant, and notorious that it cannot be said that Hill was ignorant to its existence, especially as Hill has personally participated in several such instances of misconduct.

117. As a result of the acts and omissions Hill, his jail officers were improperly and inadequately hired, trained, supervised, investigated, disciplined, and retained which culminated in Plaintiff's injuries.

118. The aforementioned acts and omissions of Winn, Watts, Foster, and Lyons was permitted to occur due to the conscious decisions and deliberate indifference of Hill.

119. As a direct and proximate result of the acts and omissions of Hill and Doe command staff, Plaintiff has suffered, and will continue to suffer, damage, including but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**<u>COUNT VIII</u> –**
**PUNITIVE DAMAGES**
**All Defendants**

120.   Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

121.   The harm collectively caused by these Defendants has shown willful misconduct, malice, fraud, wantonness, oppression, malice, intentionality, and that entire want of care which would raise the presumption of conscious indifference to consequences.

122.   Due to such conduct, these Defendants are liable to punitive damages to deter such conduct in the future.

123.   As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

**COUNT IX –**
**ATTORNEYS FEES AND COSTS**
**42 U.S.C. §1988 and GEORGIA LAW**
**All Defendants**

124.   Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

125.   As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

126.   Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, nominal, and general damages, in an amount or amounts to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) Grant such other and further relief that the Court deems just and proper.

This 25th day of July, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
**Counsel for Plaintiff**

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## **<u>FONT CERTIFICATION</u>**

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court.

This 25th day of July, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com