IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT LEE TAYLOR, III            )
                                  )
        Plaintiff,                )
                                  )
                                  )        CIVIL ACTION FILE NO.:
v.                                )        1:22-CV-02924-JPB
                                  )
VICTOR HILL, ET AL.               )
                                  )
        Defendants.               )

**DEFENDANT RAYMON SHEROD WINN'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant Raymon Sherod Winn ("defendant"), by and through the undersigned counsel, hereby files his answer and defenses to plaintiff's complaint for damages (Doc. 1) (the "complaint"), showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

**SECOND DEFENSE**

Responding to the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

## ANSWER TO NATURE OF CLAIM

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "NATURE OF CLAIM," defendant denies in the form and manner alleged the allegations contained in this paragraph, denies any and all liability for the claims asserted, and denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

## ANSWER TO JURISDICTION AND VENUE

1.

The allegations contained in paragraph 1 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that this Court generally has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. §§ 1331 and 1343.  Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.

The allegations contained in paragraph 2 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that 28 U.S.C. § 1367 speaks for itself.   Further

responding, defendant denies the allegations contained in paragraph 2 of plaintiff's complaint.

3.

The allegations contained in paragraph 3 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that 28 U.S.C. § 1391 speaks for itself. Further responding, defendant admits that venue is proper.

**ANSWER TO PARTIES**

4.

Defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

5.

Responding to the allegations contained in paragraph 5 of plaintiff's complaint, defendant admits that Victor Hill was the Sheriff of Clayton County in 2020. Defendant can neither admit nor deny the remaining allegations contained in paragraph 5 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

6.

Responding to the allegations contained in paragraph 6 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant admits that he has been sued by plaintiff in his individual capacity but denies any and all liability for the claims asserted. Further responding, defendant admits that venue is proper and that the Court has personal jurisdiction over him. Defendant denies as stated the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7.

Defendant denies the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Defendant denies as stated the allegations contained in paragraph 8 of plaintiff's complaint.

**ANSWER TO FACTUAL ALLEGATIONS**

9.

Responding to the allegations contained in paragraph 9 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all

times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 9 of plaintiff's complaint.

10.

Responding to the allegations contained in paragraph 10 of plaintiff's complaint, defendant admits that Victor Hill was the Sheriff of Clayton County in 2020.  Defendant can neither admit nor deny the remaining allegations contained in paragraph 10 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

11.

Responding to the allegations contained in paragraph 11 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies as stated the allegations contained in paragraph 12 and footnote to paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 and footnote to paragraph 13 of plaintiff's complaint.

14.

Defendant denies the allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph 15 of plaintiff's complaint.

16.

Defendant denies as stated the allegations contained in paragraph 16 of plaintiff's complaint.

17.

Defendant denies as stated the allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies as stated the allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendant denies the allegations contained in paragraph 19 of plaintiff's complaint.

20.

Defendant denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendant denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendant denies the allegations contained in paragraph 22 of plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of plaintiff's complaint.

24.

Defendant denies as stated the allegations contained in paragraph 24 of plaintiff's complaint.

25.

Defendant denies the allegations contained in paragraph 25 of plaintiff's complaint.

26.

Defendant denies the allegations contained in paragraph 26 of plaintiff's complaint.

27.

Defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

28.

Defendant can neither admit nor deny the allegations contained in paragraph 28 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

29.

Defendant can neither admit nor deny the allegations contained in paragraph 29 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

30.

Defendant can neither admit nor deny the allegations contained in paragraph 30 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's complaint.

32.

Defendant denies as stated the allegations contained in paragraph 32 of plaintiff's complaint.

33.

Defendant denies allegations contained in paragraph 33 of plaintiff's complaint.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's complaint.

35.

Defendant denies as stated the allegations contained in paragraph 35 of plaintiff's complaint.

36.

Defendant denies the allegations contained in paragraph 36 of plaintiff's complaint.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiff's complaint.

38.

Defendant denies as stated the allegations contained in paragraph 38 of plaintiff's complaint.

39.

Defendant denies as stated the allegations contained in paragraph 39 of plaintiff's complaint.

40.

Defendant denies as stated the allegations contained in paragraph 40 of plaintiff's complaint.

41.

Defendant denies as stated the allegations contained in paragraph 41 of plaintiff's complaint.

42.

Defendant denies the allegations contained in paragraph 42 of plaintiff's complaint.

43.

Defendant denies the allegations contained in paragraph 43 of plaintiff's complaint.

44.

Defendant denies the allegations contained in paragraph 44 of plaintiff's complaint.

45.

Defendant denies the allegations contained in paragraph 45 and footnote to paragraph 5 of plaintiff's complaint.

46.

Defendant denies the allegations contained in paragraph 46 of plaintiff's complaint.

47.

Defendant denies as stated the allegations contained in paragraph 47 of plaintiff's complaint.

48.

Defendant denies the allegations contained in paragraph 48 of plaintiff's complaint.

49.

Defendant denies the allegations contained in paragraph 49 of plaintiff's complaint.

50.

Defendant denies the allegations contained in paragraph 50 of plaintiff's complaint.

51.

Defendant denies the allegations contained in paragraph 51 of plaintiff's complaint.

52.

Defendant denies the allegations contained in paragraph 52 of plaintiff's complaint.

53.

Defendant denies the allegations contained in paragraph 53 of plaintiff's complaint.

54.

Defendant denies the allegations contained in paragraph 54 of plaintiff's complaint.

55.

Defendant denies the allegations contained in paragraph 55 of plaintiff's complaint.

## ANSWER TO COUNT I – VIOLATIONS OF 42 U.S.C. § 1983 (FOURTH AMENDMENT)

56.

Responding to the allegations contained in paragraph 56 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

57.

Responding to the allegations contained in paragraph 57 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 57 of plaintiff's complaint.

58.

Defendant denies the allegations contained in paragraph 58 of plaintiff's complaint.

59.

Defendant denies the allegations contained in paragraph 59 of plaintiff's complaint.

60.

Defendant denies as stated the allegations contained in paragraph 60 of plaintiff's complaint.

61.

Defendant denies the allegations contained in paragraph 61 of plaintiff's complaint.

62.

Defendant denies the allegations contained in paragraph 62 of plaintiff's complaint.

## ANSWER TO COUNT II – VIOLATIONS OF 42 U.S.C. § 1983 (EIGHTH AMENDMENT)

63.

Responding to the allegations contained in paragraph 63 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

64.

Responding to the allegations contained in paragraph 64 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 64 of plaintiff's complaint.

- 14 -

65.

Defendant denies the allegations contained in paragraph 65 of plaintiff's complaint.

66.

Defendant denies the allegations contained in paragraph 66 of plaintiff's complaint.

67.

Defendant denies as stated the allegations contained in paragraph 67 of plaintiff's complaint.

68.

Defendant denies the allegations contained in paragraph 68 of plaintiff's complaint.

69.

Defendant denies the allegations contained in paragraph 69 of plaintiff's complaint.

## ANSWER TO COUNT III – VIOLATIONS OF 42 U.S.C. § 1983 (EIGHTH AMENDMENT)

70.

Responding to the allegations contained in paragraph 70 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

71.

Defendant denies as stated the allegations contained in paragraph 71 of plaintiff's complaint.

72.

Defendant denies the allegations contained in paragraph 72 of plaintiff's complaint.

73.

Defendant denies the allegations contained in paragraph 73 of plaintiff's complaint.

74.

Defendant denies the allegations contained in paragraph 74 of plaintiff's complaint.

75.

Defendant denies the allegations contained in paragraph 75 of plaintiff's complaint.

**ANSWER TO COUNT IV – VIOLATIONS OF 42 U.S.C. § 1983
(FIFTH AND FOURTEENTH AMENDMENTS)**

76.

Responding to the allegations contained in paragraph 76 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

- 16 -

77.

Responding to the allegations contained in paragraph 77 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 77 of plaintiff's complaint.

78.

Defendant denies the allegations contained in paragraph 78 of plaintiff's complaint.

79.

Defendant denies as stated the allegations contained in paragraph 79 of plaintiff's complaint.

80.

Defendant denies the allegations contained in paragraph 80 of plaintiff's complaint.

81.

Defendant denies the allegations contained in paragraph 81 of plaintiff's complaint.

82.

Defendant denies the allegations contained in paragraph 82 of plaintiff's complaint.

83.

Defendant denies the allegations contained in paragraph 83 of plaintiff's complaint.

## ANSWER TO COUNT V – VIOLATIONS OF 42 U.S.C. § 1983 (FIRST AMENDMENT)

84.

Responding to the allegations contained in paragraph 84 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

85.

Responding to the allegations contained in paragraph 85 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 85 of plaintiff's complaint.

86.

Defendant denies as stated the allegations contained in paragraph 86 of plaintiff's complaint.

87.

Defendant denies as stated the allegations contained in paragraph 87 of plaintiff's complaint.

88.

Defendant denies as stated the allegations contained in paragraph 88 of plaintiff's complaint.

89.

Defendant denies the allegations contained in paragraph 89 of plaintiff's complaint.

90.

Defendant denies the allegations contained in paragraph 90 of plaintiff's complaint.

91.

Defendant denies the allegations contained in paragraph 91 of plaintiff's complaint.

92.

Defendant denies the allegations contained in paragraph 92 of plaintiff's complaint.

93.

Defendant denies the allegations contained in paragraph 93 of plaintiff's complaint.

94.

Defendant denies the allegations contained in paragraph 94 of plaintiff's complaint.

95.

Defendant denies the allegations contained in paragraph 95 of plaintiff's complaint.

## ANSWER TO COUNT VI – ASSAULT AND BATTERY – GEORGIA LAW

96.

Responding to the allegations contained in paragraph 96 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

97.

Defendant denies the allegations contained in paragraph 97 of plaintiff's complaint.

98.

Defendant denies the allegations contained in paragraph 98 of plaintiff's complaint.

99.

Defendant denies the allegations contained in paragraph 99 of plaintiff's complaint.

100.

Defendant denies the allegations contained in paragraph 100 of plaintiff's complaint.

101.

Defendant denies the allegations contained in paragraph 101 of plaintiff's complaint.

## ANSWER TO COUNT VII – NEGLIGENT HIRING, SUPERVISION, AND RETENTION – GEORGIA LAW

102-110.

Plaintiff's complaint does not contain paragraphs 102-110.

111.

Responding to the allegations contained in paragraph 111 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

112.

Responding to the allegations contained in paragraph 112 of plaintiff's complaint, defendant admits that he was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all

times relevant to the allegations in plaintiff's complaint. Defendant denies as stated the remaining allegations contained in paragraph 112 of plaintiff's complaint.

### 113.

Defendant denies the allegations contained in paragraph 113 of plaintiff's complaint.

### 114.

Defendant denies the allegations contained in paragraph 114 of plaintiff's complaint.

### 115.

Defendant denies the allegations contained in paragraph 115 of plaintiff's complaint.

### 116.

Defendant denies the allegations contained in paragraph 116 of plaintiff's complaint.

### 117.

Defendant denies the allegations contained in paragraph 117 of plaintiff's complaint.

118.

Defendant denies the allegations contained in paragraph 118 of plaintiff's complaint.

119.

Defendant denies the allegations contained in paragraph 119 of plaintiff's complaint.

## ANSWER TO COUNT VIII – PUNITIVE DAMAGES

120.

Responding to the allegations contained in paragraph 120 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

121.

Defendant denies the allegations contained in paragraph 121 of plaintiff's complaint.

122.

Defendant denies the allegations contained in paragraph 122 of plaintiff's complaint.

123.

Defendant denies the allegations contained in paragraph 123 of plaintiff's complaint.

## ANSWER TO COUNT IX – ATTORNETS FEES AND COSTS

124.

Responding to the allegations contained in paragraph 124 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to the foregoing paragraphs.

125.

Defendant denies the allegations contained in paragraph 125 of plaintiff's complaint.

126.

Defendant denies the allegations contained in paragraph 126 of plaintiff's complaint.

## ANSWER TO DEMAND FOR JURY TRIAL

127.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "DEMAND FOR JURY TRIAL," defendant denies in the form and manner alleged the allegations contained in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

128.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "PRAYER FOR RELIEF" and constituting plaintiff's

prayer for relief, defendant denies all such allegations, including all subparagraphs thereof, and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

129.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiff's complaint.

## THIRD DEFENSE

Defendant shows that he did not violate the rights of plaintiff under any provisions of or amendments to the United States Constitution or any other laws.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of defendant.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all liability, if any, on the part of defendant.

## SIXTH DEFENSE

No act or omission of defendant either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of plaintiff.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the affirmative defenses of assumption of risk, duress, estoppel, failure to mitigate damages, fraud, illegality, laches, payment, release, res judicata, statute of frauds, waiver, statute of limitations, and failure to exhaust administrative remedies under the PLRA.

## NINTH DEFENSE

Defendant shows that under all of the facts and circumstances his actions were discretionary in nature and were not in violation of any clearly established constitutional right thereby entitling him to qualified immunity.

## TENTH DEFENSE

Defendant shows that he is entitled to official immunity as to plaintiff's claims under Georgia law.

## ELEVENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendant prays as follows:

(a)    That judgment be entered in favor of defendant and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY
JURY ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527

- 27 -

asabzevari@fmglaw.com
Chandler J. Emmons
Georgia Bar No. 310809
cjemmons@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendant Raymon Sherod
Winn

- 28 -

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANT RAYMON SHEROD WINN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Christopher M. Upshaw
Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia 30290

This 14th day of February, 2023.

FREEMAN MATHIS & GARY, LLP

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
Telephone: 404-366-1000
Fax: 404-361-3223